## FRANK TERRY v. STATE.

No. A-8201. April 9, 1932.
(10 Pac. [2d] 290.)

J. R. Hannah and Phillips & Boner, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Johnston county of the crime of grand larceny, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of one year.

The defendant in his petition in error alleges numerous errors, but argues only that the evidence is insufficient to support the verdict of the jury.

The evidence of the state was that William Grover Essex was employed by J. F. Burchett as cook for a threshing crew; that defendant knew that Essex was to be paid off on the day when the crime was alleged to have been committed; that defendant came to the cook shack and said, "Cook, you are going to have a pretty good payroll the first aren't you?" and Essex said "Yes, something better than $50 if I don't draw too much between now and then"; that defendant came to Burchett's place on the day the crime was committed and said to Essex, "Cook, are you going to Durant today?" and cook said, "I was going with this fellow here," and defendant said, "You can go with me and it won't cost you anything"; that Essex received a check for $58.75 and left with defendant, as he supposed, for Durant; that defendant was accompanied by Clarence Browning; that defendant drove his car down in a hollow and said he was going over the hill to get some liquor, and returned with a gallon of whisky; that on his return he suggested that they play poker; that Essex won three or four dollars from defendant and Browning, which was all they had, and that broke up the game; that instead of going to Durant, defendant drove to Milburn and there introduced Essex to a storekeeper who cashed his check, giving him five ten dollar bills, a five dollar bill, and four ones, and that Essex gave back 25 cents in change to make the amount $58.75; that they got in defendant's car and Shorty Howard came up to the side of the car and asked Essex if he had any money and he said, "Yes"; that defendant left word with J. A. Browning, a brother of Clarence Browning, that Essex had his money and for him to follow them; that they

stopped at the side of the road and defendant sought to get Essex into a poker game; that Essex refused to put any money in the poker game, because none of the other parties had any; that Essex said he did not believe the old man gave him the right amount of money when he cashed the check; that defendant said, "Well, get it out and count it and if he did not give you the right change, I will make him do it"; that as Essex counted the bills, J. A. Browning stepped up and jerked them out of his hand, and told him he was an officer and would take him to Durant; that immediately defendant called Browning off to one side to have a talk with him, and after they came back he called him off the second time; that defendant and Clarence Browning then lit out; that J. A. Browning, Terry, and Essex got into Browning's car and started toward Durant; that they met the sheriff, and Browning said, "I have got a man I caught violating the liquor law," and the sheriff said, "When did you begin to enforce the law?" That immediately Essex spoke up and said, "They have robbed me of $59"; that Browning said, "Search me," and that the sheriff searched him and found only two pennies on him; that the county attorney was sitting in the sheriff's car and saw Browning drop something in the weeds, and called the sheriff's attention to it; that the sheriff picked it up and Essex, by describing the number and denomination of the bills, identified the money in such a way that the county attorney turned it over to him; that Browning then said he had won the money from Essex playing poker; that while the sheriff was talking to these parties, defendant and Clarence Browning came up in the car; that the sheriff took defendant to one side and questioned him, and defendant said, "I don't know anything about that bunch at all"; that he had started home and knew nothing about the deal at all, and that they had not

played any poker; that in the presence of defendant and the other parties, Essex told the same story he told on the witness stand in the trial.

Defendant, testifying for himself, said that he went to Burchett's place to arrange for him to thresh for him, but Burchett testified that defendant said nothing to him that morning about threshing; that he saw Browning grab the money out of Essex's hand, but did not have anything to do with the taking of it; that when defendant left home Clint Terry and J. A. Browning were chopping cotton for him.

It appears from this evidence that defendant knew Essex was going to be paid off, went there to get him, and arranged for these other parties to follow for the purpose of getting the money away from Essex either by getting him drunk and taking it in a poker game, or taking it by force; that failure to get him either drunk or into a poker game, with any chance of winning his money, Browning, the man with whom defendant had arranged to follow them, arrived at the opportune time and took the money away from Essex.

This evidence was sufficient to justify the jury in finding the defendant guilty.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.